**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

James E. Bryan and Rhonda S. Bryan

    Debtor(s).

                                         CASE NO. 09-31184-LMK
                                         CHAPTER  7

_____/

**MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now, KUBOTA CREDIT CORPORATION ("Movant"), its successors and/or assigns, seeking modification of the automatic stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code and would show the Court as follows:

    1.    On June 08, 2009, James E. Bryan and Rhonda S. Bryan ("Debtor" as used herein shall include both Debtors in a joint case), filed for relief under Chapter 7 of the U.S. Bankruptcy Code.

    2.    Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

    3.    On January 31, 2006, James L Bryan executed a Retail Installment Contract ("Contract") to 1st Choice Kubota pertaining to a tractor and a loader described as: Kubota L2800DT (Tractor), VIN: 56935; Kubota LA463FL (Loader), VIN: 24319. Said Contract is attached hereto as Exhibit "A".

4. On February 21, 2006, the UCC Financing Statement was issued to the Debtor with Kubota Credit Corporation named as lienholder. Kubota Credit Corporation is in possession of the Title as lienholder. Said UCC Financing Statement is attached hereto as Exhibit "B".

5. The Debtor is in default of the Contract by failing to make the April 9, 2009 payment and all payments thereafter.

6. Movant shows that the above referenced property is valued at $7,450.00. The Equipment Blue Book Valuation for the above referenced property is attached hereto as Exhibit "C".

7. Movant's Affidavit as to Amounts Due and Owing shows the total indebtedness owed the Movant is $1,256.01. Movant's Affidavit of Amounts Due and Owing is attached hereto as Exhibit "D".

8. The 341 meeting was held on August 5, 2009; however, as of August 24, 2009 the Trustee's Final Report of No Distribution/No Assets has not been entered.

9. It is evident that there is little or no equity for the benefit of other creditors. Moreover, Movant contends that any equity over and above the indebtedness, should any exist, does not constitute adequate protection as contemplated by the U.S. Bankruptcy Code.

10. The Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Contract. Movant's indebtedness continues to accrue interest while receiving no payments to protect it against the erosion of its collateral position. Furthermore, Movant is not otherwise being adequately protected while the Debtor continues to enjoy the benefits of the collateral.

11. The Debtor filed a Chapter 7 case and therefore, no reorganization is contemplated.

12. If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

13.   Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 10-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE,** Movant prays that this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and to have such other and further relief as is just.

> Florida Default Law Group, P.L.
> P.O. Box 25018
> Tampa, Florida  33622-5018
> Phone  (813) 251-4766
> Fax  (813) 251-1541
> Email:  norbkmail@defaultlawfl.com
>
>
> By:  /s/   Gavin N. Stewart
>    Gavin N. Stewart
>    FLORIDA BAR NO. 52899

B09080484

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by regular U. S. Mail to all parties listed below on this 24th day of August, 2009.

James E. Bryan
8321 Stokes Rd
Laurel Hill, FL 32567-2004

Rhonda S. Bryan
8321 Stokes Rd
Laurel Hill, FL 32567-2004

I HEREBY CERTIFY that a copy of the foregoing Motion for Relief from Stay and any and all Exhibits referenced therein have been furnished by Electronic Mail to all parties listed below on this 24th day of August, 2009.

Harold F. Peek, Jr.
P.O. Box 36
Valparaiso, FL 32580

Sherry F. Chancellor, Trustee
619 West Chase St
Pensacola, FL 32502

                                        Florida Default Law Group, P.L.
                                        P.O. Box 25018
                                        Tampa, Florida 33622-5018
                                        Phone (813) 251-4766
                                        Fax (813) 251-1541
                                        Email: norbkmail@defaultlawfl.com

                                        By: /s/ Gavin N. Stewart
                                        Gavin N. Stewart
                                        FLORIDA BAR NO. 52899